No. 43,988

In the Matter of the Application of Boyd D. Olney for a Writ of Habeas Corpus. Boyd D. Olney, *Appellee*, v. Herbert Hobble, Jr., *Appellant.*

(396 P. 2d 367)

Opinion filed November 7, 1964.

*Chas. Vance,* of Liberal, argued the cause and was on the brief for the appellant.

*John C. King,* of Liberal, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

Wertz, J.: This was a habeas corpus action by a father to gain custody of his infant son. This appeal stems from an order of the trial court finding defendant-respondent (appellant) H. Hobble, Jr. guilty of contempt. The facts pertaining to the determinative issue in the case are as follows:

Boyd D. Olney, plaintiff-petitioner (appellee), hereinafter referred to as plaintiff, filed his original petition for a writ of habeas corpus against Betty J. Ingland, his former wife, seeking possession of their child. A writ issued to which Betty filed her return stating the child had been left at the Stevens County Hospital in Hugoton.

Subsequent thereto plaintiff filed an amended petition alleging that since the filing of his original petition he had discovered certain facts which made it proper that additional parties be included as respondents, and was granted permission to add the names of H. Hobble, Jr., and John and Mary Doe, his wife, whose real names were unknown to the plaintiff. In his amended petition plaintiff alleged he and Betty J. Ingland were husband and wife from June 15, 1962, the date of their marriage, until they were divorced in

Seward county February 15, 1963; that at the time of the divorce Betty was pregnant, which fact was concealed from the court and from the plaintiff, and by reason of such concealment no provision was made for the care and custody of the child to be born; that on June 1, 1963, in the Stevens County Hospital, Betty gave birth to a child of which the plaintiff was the father; that she concealed the facts of the birth from him and that he did not learn of the same until June 20; that on June 7 appellant Hobble, together with John and Mary Doe, appeared at the hospital in Hugoton, and with the consent of the mother of said child, removed it therefrom and ever since said time have illegally restrained it and kept it from custody of the plaintiff. The writ was directed to H. Hobble, Jr. and John Doe and Mary Doe, his wife, and in response to the writ H. Hobble, Jr. filed his return in which he alleged he was not illegally restraining any child born to Betty, that said child was not in his custody and it was therefore impossible for him to produce the body of the child before the court as commanded. No service of writ was had on John and Mary Doe.

The case proceeded to trial and the plaintiff testified that he and Betty were married June 15, 1962 and lived together until a few days before Thanksgiving; that Betty told plaintiff in September she was pregnant; that they were divorced February 15, 1963. The evidence disclosed the child was born at the Stevens County Hospital June 1, 1963, and that the birth certificate shows the father as "unnamed."

Appellant Hobble testified that he was employed as attorney for his clients, above referred to as John and Mary Doe, for the purpose of getting them a child; that early in June 1963 he obtained from Betty Ingland a written consent for the adoption of her child and obtained her signature to such instrument; that he went with his clients to the hospital at Hugoton for the purpose of getting the child of Betty Ingland, and did so; and that his clients took the child from the hospital.

At this juncture appellant Hobble was requested by the court to give the names of his clients who took and were in possession of the child, to which appellant objected, presumably on the ground that such information was a privileged communication between the attorney and the client.

Upon the entire record presented to it the trial court found, among other things not material herein, that the child in question

was delivered to appellant Hobble's clients under and by virtue of his direction, that Hobble had been in constructive and perhaps actual custody of the child, thereby making himself subject to the provisions of G. S. 1949, 60-2210, *Third,* and found appellant guilty of direct contempt for his failure to give the names of his clients. From the judgment entered, Hobble appeals.

Appellant contends the trial court erred in adjudging him guilty of contempt and asserts that under the provisions of G. S. 1949, 60-2805, which provides:

"The following persons shall be incompetent to testify:

"*Fourth.* An attorney, concerning any communications made to him by his client in that relation, or his advice thereon, without the client's consent."

he had the statutory right to withhold the names of his clients, and by naming them, the privilege granted by the aforesaid statute would be violated.

The court has considered appellant's contention and we are of the opinion the attorney-client privilege mentioned in the statute should be strictly adhered to. However, the mentioned statute is not applicable under the facts in the instant case.

Appellant apparently has overlooked not only the fact this was a habeas corpus action brought by the father to regain custody of his child but also the provisions of G. S. 1949, 60-2201, which state:

"Every person restrained of his liberty under any pretense whatever may prosecute a writ of habeas corpus to inquire into the cause of the restraint, . . ."

and Section 60-2223, which provides:

"Writs of habeas corpus shall be granted in favor of parents, . . . and to enforce the right and for the protection of infants . . .; and the proceedings shall in all such cases conform to the provisions of this article."

as well as Section 60-2210, *Third,* which provides:

"If he has had the party in his custody or under his restraint, and has transferred him to another, he shall state to whom, the time, place and cause of the transfer. . . ."

The mentioned statutes are a legislative expression of the paramount concern which the people of this state have always had, not only for the welfare of a child but for the rights of the parent to its custody, and by the provisions of Section 60-2210, *Third,* the legislature made it mandatory that any party who had custody of the child or had the child under his restraint and had transferred the child to another was required in the habeas corpus pro-

ceedings to state the name of the party, or parties, to whom it was transferred. The legislature excepted no one from this obligation.

In the instant case the trial court found that the appellant had constructive and perhaps actual custody of the child, and this finding is sustained by the evidence and is binding on this court. There can be no question but what, under appellant's own evidence, he had the child in his custody or under his restraint sufficiently to bring him within the provisions of Section 60-2210, *Third*, of the statute, and therefore, appellant was required to disclose the names of the parties to whom he transferred the child.

The judgment of the trial court is affirmed.